**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| KATHRYN PERKINS, | Case No.: |
| Plaintiff, | **COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 *et seq.*)** |
| v. | |
| NAVIENT SOLUTIONS LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, AND TRANS UNION, LLC | |
| Defendants. | |

COMES NOW Plaintiff, Kathryn Perkins ("Plaintiff"), by and through counsel undersigned, and for its cause of action against the Defendants above-named alleges as follows:

## INTRODUCTION

1.     This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), et seq.

## PARTIES

2.     Plaintiff is a resident of the county of New London County, Connecticut.

3.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681(a)(c).

4.    Defendant, Navient Solutions, LLC, ("Navient") is limited liability company existing under the laws of Connecticut and is a student loan lender and a furnisher of consumer credit information to consumer reporting agencies.

5.    Defendant Experian Information Solutions, Inc. ("Experian") is a corporation existing under the laws of Connecticut that engages in the business of maintaining and reporting consumer credit information.

6.    Defendant Equifax Information Services, LLC ("Equifax") is a limited liability company existing under the laws of Connecticut that engages in the business of maintaining and reporting consumer credit information.

7.    Defendant TransUnion, LLC ("TransUnion") is a limited liability company existing under the laws of Connecticut that engages in the business of maintaining and reporting consumer credit information.

8.    Defendants Experian, Equifax, and TransUnion are each a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

## JURISDICTION AND VENUE

9.    That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA") and 28 U.S.C. §1331.

10.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11.    Plaintiff held a student loan account with Navient – account#

502935xxxxxxxxxx ("the Account").

12.     During the course of repayment of the Account, Plaintiff entered into a settlement agreement with Navient for full and final settlement of Plaintiff's obligation with respect to the Account.

13.     Plaintiff made all requisite payments to satisfy her obligation under the settlement agreement, thereby resolving her liability on the Account.

14.     In spite of receiving the full benefit of payment in full on the Account, and releasing Plaintiff from liability on the Account, Defendant Navient continued, erroneously, to report a balance due and owing on the Account to Experian, Equifax, and TransUnion.

15.     The false information regarding the Account appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

16.     Experian, Equifax, and TransUnion published the false information regarding the Account to third parties.

## WRITTEN DISPUTE

17.     On or about May 25, 2021 Plaintiff sent written dispute letters to Experian, Equifax, and TransUnion disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer report (the "Disputes").

18.     Upon information and belief, Defendants Experian, Equifax, and TransUnion forwarded Plaintiff's Disputes to Defendant Navient for reinvestigation.

19.     Upon information and belief, Navient received notification of Plaintiff's Dispute from Experian, Equifax, and TransUnion.

20.     Navient did not conduct a reasonable investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

21.     Defendants Experian, Equifax, and TransUnion each did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

22.     Upon information and belief, Navient failed to instruct Experian, Equifax, and TransUnion to each remove the false information regarding the Account reporting on Plaintiff's consumer reports.

23.     Experian, Equifax, and Trans Union each employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Disputes.

24.     At no point after receiving the Disputes did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute.

### COUNT I – Navient

### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

25.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

26.     After receiving the Dispute, Navient failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

27.     Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of Defendant Navient's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Navient's representations to consumer credit reporting agencies, among other unlawful conduct.

28.     As a result of this conduct, action, and inaction of Defendant Navient, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

29.     Defendant Navient's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

30.     In the alternative, Defendant Navient was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

31.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Navient pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### COUNT II – Experian

### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681e(b))

32.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

33.     After receiving the Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

34.     Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

35.     As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

36.     Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

37.     In the alternative, Defendant Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

38.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – Experian

### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681i)

39.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

40.     After receiving the Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

41.     Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

42.     As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

43.     Defendant Experian conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

44.     In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

45.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – Equifax

### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681e(b))

46.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

47.     After receiving the Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

48.     Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

49.     As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with

Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

50.     Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

51.     In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

52.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT V – Equifax

### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681i)

53.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

54.     After receiving the Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

55.     Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

56.     As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

57.     Defendant Equifax conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

58.     In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

59.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VI – TransUnion

### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681e(b))

60.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

61.     After receiving the Dispute, TransUnion failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

62.     Defendant TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant TransUnion

published and maintained concerning Plaintiff.

63.     As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

64.     Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

65.     In the alternative, Defendant TransUnion was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

66.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VII – TransUnion

### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681i)

67.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

68.     After receiving the Dispute, TransUnion failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

69.     Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete

inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

70.     As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

71.     Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

72.     In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

73.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks her statutory remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted August 20, 2021

/s/Kathryn R. Sylvester
Kathryn R. Sylvester, Esq.
PO Box 5076
Woodbridge, CT 06524
Ksylvester1@hotmail.com

Mailing Address:
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ 85251
Telephone: (602) 456-8900

Fax: (602) 218-4447
Attorney for Plaintiff